[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-9013

 IN RE: NAPOLEON SOARES,

 Debtor.
 

 NAPOLEON G. SOARES,

 Appellant,

 v.

 BROCKTON CREDIT UNION,

 Appellee.

 APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

 OF THE FIRST CIRCUIT

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.

 Napoleon G. Soares on brief pro se.
 Gary W. Cruickshank on brief for appellee Brockton Credit
Union.

October 22, 1998

 Per Curiam. Appellant Napolean Soares seeks appellate
review of a bankruptcy court order granting relief from the
automatic stay. See 11 U.S.C. 362(d). Such order was issued
upon motion of appellee Brockton Credit Union (BCU) following
remand from this court. See Soares v. Brockton Credit Union,
107 F.3d 969 (1997). Soares appealed from that order to the
Bankruptcy Appellate Panel (BAP), but failed to secure a stay
pending appeal. In due course, BCU obtained a second judgment
of foreclosure in state court and thereafter conducted a second
foreclosure sale. As a result of the sale, the BAP dismissed
the pending appeal as moot. Soares has now appealed from that
ruling.
 We agree that the property's sale has rendered the appeal
moot. Generally, "when the debtor fails to obtain a stay
pending appeal of the bankruptcy court's ... order setting
aside an automatic stay and allowing a creditor to foreclose on
property, the subsequent foreclosure and sale of the property
renders moot any appeal." In re Matos, 790 F.2d 864, 865 (11th
Cir. 1986); accord, e.g., In re 225 Park Plaza Assocs. Ltd.
Partnership, 100 F.3d 1214, 1216-1218 (6th Cir. 1996); Greylock
Glen Corp. v. Community Savings Bank, 656 F.2d 1, 4 (1st Cir.
1981) (applying former Bankr. Rule 805); cf. In re Stadium
Manag. Corp., 895 F.2d 845, 847-49 (1st Cir. 1990) (applying 11
U.S.C. 363(m)). Whether any exceptions might exist to this
rule, see, e.g., In re Mann, 907 F.2d 923, 926 (9th Cir. 1990),
is a matter we need not address, inasmuch as Soares has made no
reference thereto and (from all that appears) would derive no
benefit therefrom.
 An affirmance is plainly warranted on the merits in any
event. Soares has provided no grounds for questioning the
finding that "cause" existed for lifting the automatic stay
under 362(d). And the various challenges he has advanced
prove unavailing. For example, the bankruptcy judge's action
and the other proceedings below, rather than contravening this
court's mandate from the earlier appeal, were in full
conformance therewith. Absent a stay, BCU was free to seek a
new foreclosure judgment while the BAP appeal was pending. 
Whether the first judgment of foreclosure was or should have
been vacated as a matter of state law is of no pertinence here. 
And it is undisputed that the second foreclosure sale occurred
only after the second judgment was obtained. 
 The stay of eviction ordered by this court on September 4,
1998 is hereby lifted, and the Bankruptcy Appellate Panel's
order of dismissal is affirmed.